THE JERSEY CITY MILLING COMPANY

*v.*

JONATHAN H. BLACKWELL et al.

[Filed August 31st, 1899.]

Equity will not entertain a bill by a creditor of a mortgagor, where he has acquired the legal title to the mortgaged chattels of his debtor by a sale thereof under an attachment, to enjoin a sale by the mortgagee on foreclosure of his mortgage, executed prior to the attachment, but claimed by the creditor to be invalid on the ground that it does not state the consideration therefor, and for the determination of its validity, as the parties have an adequate remedy at law, by replevin.

On application for preliminary injunction.

*Mr. Freeman Woodbridge,* for the complainant.

*Mr. Frederick Weigel,* for the defendants.

EMERY, V. C.

Complainant, as a creditor of one De Vita, a non-resident, issued an attachment upon which certain buildings owned by him and located on another person's lands were attached. The defendants Dolton & Company hold a chattel mortgage on the buildings, which was filed before the issuing of the writ, but the validity of which is attacked by reason of the insufficiency of the affidavit to the chattel mortgage. It is claimed that the affidavit fails to state the consideration of the mortgage as required by the Chattel Mortgage act. *Gen. Stat. p. 2112 § 5.* Before the filing of the bill the auditor in attachment had sold the goods in question to complainant at public sale, under the statute, for $50, which sale has been confirmed, and as stated by complainant's counsel, a deed for the property has since been delivered by the auditor to the complainant. The property sold was inventoried at $235. The mortgagees are in actual possession of the property and have advertised its sale under their mortgage, the sale being stayed pending this application for injunction.

The complainant, by the sale and deed, has now the legal title to the property, and no longer stands merely upon its rights as a creditor to the assistance of a court of equity to enforce its lien. The preliminary question is whether as such purchaser and holder of the legal title, he is entitled to an injunction in order to settle in this court the invalidity of the chattel mortgage under the statute. This invalidity by reason of defective affidavit is one which avoids the mortgage in courts of law as well as of equity, and complainant's right to bring the decision of the question into this court rather than in a court of law and trial by jury, must be based on the insufficiency of the remedy at law. Such insufficiency of legal remedy exists where a creditor has a lien upon the mortgaged property, and the removal of the invalid lien is necessary in order that he may realize his debt by a sale clear of the alleged lien, and the jurisdiction of a court of equity to decree the statutory invalidity of a chattel mortgage on the bill of a creditor, holding a lien, or one who represents such creditors and stands in their rights, seems to be settled. In *Currie* v. *Knight, 7 Stew. Eq. 485, 487 (Vice-Chancellor Van*

*Fleet, 1881*), complainant held a lien as the creditor of an insolvent estate. In *Hopper* v. *Lovejoy, 2 Dick. Ch. Rep. 573 (Errors and Appeals, 1890)*, complainant was a receiver of an insolvent corporation, who was held to represent the creditors, and in this capacity entitled to avoid the lien (*Vice-Chancellor Stevens, p. 577*), and the court of errors and appeals decided the question of the validity of the mortgage on the same basis (*Dixon, J., p. 578*). In *Graham Button Co.* v. *Speilmann, 5 Dick. Ch. Rep. 120 (Vice-Chancellor Van Fleet, 1892)*, the right of the receiver to attack the invalid mortgage in equity was expressly based on the lien of a creditor on the property resulting from the adjudication of insolvency, and the receiver's rights as representing creditors who had such lien. *Id. p. 127.* It was not at all based on the receiver's title to the property, as succeeding to the rights of the insolvent mortgagor. This opinion was adopted on appeal. *Id. p. 796 (1893)*. In *Roe* v. *Meding, 8 Dick. Ch. Rep. 350 (Errors and Appeals, 1895)*, on a like bill by the receiver of an insolvent corporation, the chattel mortgage was held void because of failure to record immediately, as required by statute, but only as against those creditors, represented by the receiver, whose debts were incurred prior to the recording. *Id. p. 369.* These cases show that up to the present time all equitable jurisdiction to set aside chattel mortgages for a failure to comply with the statutory provisions, which avoid them at law as well as in equity, has been based ultimately on the equitable jurisdiction to assist in the enforcement of a legal lien. There is a class of cases in New Jersey where a court of equity, on the application of a purchaser of lands under judgment, has entertained jurisdiction to set aside a prior conveyance as fraudulent against the creditor under whom the purchaser claims, but this is based on the jurisdiction against frauds. *Smith* v. *Espy, 1 Stock. 160, 166 (Chancellor Williamson, 1852)*.

This jurisdiction in equity to set aside fraudulent deeds existed before the statute of frauds, which made such deeds void at law as well as in equity. *Phelps* v. *Morrison, 10 C. E. Gr. 538, 544.* Complainant's counsel has referred me to no case in our courts where the jurisdiction of a court of equity has been exer-

cised merely to try the validity of a chattel mortgage invalid at law as well as in equity, under the registry laws, on the application of the holder of the legal title to the mortgaged property. Nor have I been referred to any case in which complainant having the legal title to the lands has been held entitled to file a bill in equity for the sole purpose of setting aside either a deed or mortgage claimed to be void against him under the recording acts. Such jurisdiction in reference to lands, where exercised in equity, is based solely on the statutory right to file a bill to quiet title, and if entertained on any theory of general equity jurisdiction in such cases would manifestly draw into this court, and away from trial at law and by jury, the settlement of many questions of purely legal title. I am not disposed to extend the jurisdiction to cases of the present character, where the insufficiency of the ordinary legal remedy does not appear. In this case complainant may, by action of replevin or tort, have a full remedy, either by recovery of the property or in damages. The value of the property is not large, the mortgagees are not alleged to be irresponsible, and it is a case where the property appears to be valuable not for the possession of the owner, but solely for the purpose of realizing thereon by sale. It is a case where, in my judgment, the complainant should be remitted to its legal remedy, and the application is denied, but without costs.